IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

QUINDELL M. KIRBY,

    Petitioner,

v.                              Civil Action No. 3:17CV559

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Quindell M. Kirby, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite being given Roseboro[1] notice, Kirby has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 4) will be granted.

### I. PROCEDURAL HISTORY

**A.    State Proceedings**

On September 6, 2012, Kirby was convicted in the Circuit Court for the County of Chesterfield ("Circuit Court") of second-degree murder and use of a firearm during the commission of murder. See Commonwealth v. Kirby, Case Nos. CR12F00213-01,

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

CR12F00213-02, at 1 (Va. Cir. Ct. Sept. 18, 2012). On December 13, 2012, Kirby was sentenced to a total of twenty years of imprisonment. See Commonwealth v. Kirby, Case Nos. CR12F00213-01, CR12F00213-02, at 1 (Va. Cir. Ct. Dec. 27, 2012). Kirby appealed.

On March 4, 2015, the Supreme Court of Virginia refused Kirby's petition for appeal. Kirby v. Commonwealth, No. 141442, at 1 (Va. Mar. 4, 2015). On April 24, 2015, the Supreme Court of Virginia denied Kirby's petition for rehearing. Kirby v. Commonwealth, No. 141442, at 1 (Va. Apr. 24, 2015).

On April 22, 2016, Kirby filed a petition for a writ of habeas corpus in the Circuit Court. Petition for a Writ of Habeas Corpus at 1, Kirby v. Commonwealth, No. CL16HC1147-00 (Va. Cir. Ct. filed Apr. 22, 2016). On August 5, 2016, the Circuit Court dismissed Kirby's petition finding that his claims were procedurally defaulted. Kirby v. Commonwealth, No. CL16HC1147-00, at 2-3 (Va. Cir. Ct. Aug. 5, 2016). Kirby did not appeal the denial of his petition for a writ of habeas corpus to the Supreme Court of Virginia.

B. Federal Habeas Petition

On July 20, 2017, Kirby executed and placed his § 2254 Petition in the prison mail system for transmission to this

Court. (§ 2255 Mot. 61.)[2] The Court deems the § 2254 Petition filed as of this date. See Houston v. Lack, 487 U.S. 266, 276 (1988). Kirby asserts that he is entitled to habeas relief based on the following:

| | |
|---|---|
| Claim One | "Due Process-Petitioner, an indigent, was denied funds necessary to employ an expert witness to counter the prosecution's expert (or to hire an investigator)." (§ 2255 Mot. 9.) |
| Claim Two | "A fair trial-motion objection to jurisdiction and/or venue was denied." (Id. at 27.) |
| Claim Three | "Confrontation of witness-the Petitioner was denied the opportunity to effectively confront and cross-examine the witness against him." (Id. at 51.) |
| Claim Four | "Due Process-the prosecution failed to disclose 'Brady' . . . material that was in the hands of investigating agencies." (Id. at 56.) |

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Kirby's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a

---

[2] The Court utilizes the pagination assigned by the CM/ECF docketing system to Kirby's § 2254 Petition. The Court notes that Kirby has interspersed many pages of correspondence and state court submissions with his § 2254 Petition. The Court corrects the spelling and capitalization, and omits the emphasis in the quotations from Kirby's submissions.

3

petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement And Running Of The Statute Of Limitations**

Kirby's judgment became final on Thursday, July 23, 2015, when the time to file a petition for a writ of certiorari expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002)

4

("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

The statute of limitations began running on July 24, 2015. Two hundred and seventy-three days of the limitation period expired before Kirby filed his state petition for a writ of habeas corpus on April 22, 2016. See 28 U.S.C. § 2244(d)(2). The statute of limitations began running again on August 6, 2016, the day after the Circuit Court dismissed Kirby's petition for a writ of habeas corpus. Three hundred and forty-eight additional days elapsed before Kirby filed his federal habeas petition on July 20, 2017. Thus, the limitations period ran for a total of six hundred and twenty-one days before Kirby filed his § 2254 Petition. Therefore, the statute of limitation bars Kirby's § 2254 Petition.

C.  **Belated Commencement Under 28 U.S.C. § 2244(d)(1)(D)**

Although Kirby offers no reason as to why his § 2254 Petition should be subject to belated commencement of the limitation period or equitable tolling (see § 2254 Pet. 60), because Kirby raises a claim pursuant to Brady v. Maryland, 373

5

U.S. 83 (1963), the Court construes Kirby to allege that he is entitled to belated commencement pursuant to 28 U.S.C. § 2244(d)(1)(D) for Claim Four.

Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim. See Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady claim prior to filing his first § 2254 petition).

In Claim Four, Kirby asserts that "the prosecution failed to disclose 'Brady' . . . material that was in the hands of investigating agencies." (§ 2254 Pet. 55.) Kirby states that,

> [as e]xplained by Amy Knight of Chesterfield County Police, forensic investigator, the victim Peter Ambrister was fully clothed. But as you can see on . . . the Commonwealth's Exhibits the victim's shirt was not released as evidence. Only a pair of blue jeans, a buccal swab and a DNA card was sent to the lab for testing as well. Ms. Knight was asked by defendant's attorney Todd Ritter "So I take it then there was not fingerprint analysis done?" Ms. Knight answered: "No, sir. I didn't see it."

(Id. at 55-56 (internal citations omitted).)

The Court construes Kirby to allege that the victim's shirt was withheld from Kirby's defense.[3] Therefore, to qualify for

---

[3] Kirby cites to the trial transcript and seems to indicate that Forensic Investigator Amy Knight testified that she did not believe fingerprint analysis had been performed on the victim's t-shirt. However, the record reflects that when the exchange referenced by Kirby occurred at trial, Ms. Knight actually testified that fingerprint analysis had not been performed on shell casings recovered at the scene. (See Sept. 5, 2012 Tr. 126.) It is unclear from Kirby's § 2254 Petition why the victim's t-shirt would be considered Brady material. See Monroe v. Angelone, 323 F.3d 286, 299-300 (4th Cir. 2003) (explaining that the three elements of a Brady claim are "(1) the evidence must be favorable to the accused; (2) it must have been suppressed by the government, either willfully or inadvertently; and (3) the suppression must have been material." (citation omitted)). It appears that despite the victim being fully clothed at the scene of the crime, his t-shirt was not submitted to the Virginia Department of Forensic Science for analysis although his jeans were. See Certificate of Analysis, Commonwealth v. Kirby, No. CL16HC1147-00 (Va. Cir. Ct. filed May 1, 2012). In his § 2254 Petition, Kirby does not clearly explain why the t-shirt would be favorable to his defense. Instead, Kirby appears to argue that because the t-shirt, unlike the victim's jeans, was not submitted to the Virginia Department

belated commencement under 28 U.S.C. § 2244(d)(1)(D), Kirby must demonstrate that a reasonable investigation would not have unearthed the victim's shirt until after his conviction became final on July 23, 2015. This he fails to do. As made clear by the facts stated in Kirby's § 2254 Petition and confirmed by the record, Kirby was aware at trial that the victim was found "fully clothed." (See Sept. 5, 2012 Tr. 95.) Therefore, Kirby was aware at his trial on September 5, 2012, at the latest, of the facts underlying his Brady claim. Accordingly, Claim Four does not qualify for belated commencement under U.S.C. § 2244(d)(1)(D) and is barred by the statute of limitations.[4]

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 4) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability

---

of Forensic Science for analysis, this indicates there was a break in the chain of custody and that the evidence was tampered with or contaminated. (See § 2254 Pet. 56-57.) Nonetheless, because Kirby explicitly brings Claim Four pursuant to Brady, the Court will consider the argument that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D).

[4] Kirby fails to suggest any other basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(C), or for equitable tolling. (See § 2254 Pet. 60.)

("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Kirby is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Kirby and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 11, 2018